# In the United States Court of Federal Claims

No. 19-1813

Filed: September 14, 2020

|  |  |
|---|---|
| ARON GOLDBERGER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**OPINION AND ORDER**

**SMITH, Senior Judge**

      On November 25, 2019, plaintiff, Aron Goldberger, proceeding *pro se*, filed her Complaint with this Court, requesting the following relief: (1) a tax refund, and (2) an "Informers Award" for "notifying the government of high-level crimes." Complaint at 3, ECF No. 1 [hereinafter Compl.]. On April 8, 2020, defendant filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), arguing that this Court "lacks jurisdiction to entertain the claims alleged in the Complaint" and, to the extent plaintiff seeks other relief, that plaintiff fails to state a claim upon which relief can be granted. Motion of the United States to Dismiss the Complaint at 2, ECF No. 14 [hereinafter Def.'s MTD]. For the reasons set forth below, defendant's Motion to Dismiss is granted.

    **I.**    **Background**

      On February 27, 2017, plaintiff filed a Form 1040X with the Internal Revenue Service ("IRS") for the 2016 tax year. Def.'s MTD, Ex. 1 at 1. Plaintiff reported a total of $189.00 in self-employment taxes and sought an income tax refund of $1,381.00 due to $1,570.00 in claimed refundable credits. Def.'s MTD, Ex. 2 at 2. On March 6, 2017, the IRS issued a refund to plaintiff in the amount of $1,381.00. Def.'s MTD, Ex. 1 at 1.

      On April 25, 2017, plaintiff mailed a second Form 1040X to the IRS for the 2016 tax year ("First Amended Return"), which included several errors. Def.'s MTD, Ex. 3 at 1. This First Amended Return reported the following amendments: (1) a request for deductions of $6,300.00 for alleged losses related to casualty and theft, which failed to include the required Schedule A form; (2) a taxable income of negative $10,713.00; (3) reported tax payments of $7,899.00, which were inconsistent with IRS records; and (4) a failure to report any alleged overpayment or refund sought (on lines 21 and 22). *Id.* Following the filing of the First

Amended Return, plaintiff and the IRS engaged in a series of communications regarding the return's status.  Def.'s MTD at 4.

On February 4, 2019, the IRS office located in Poughkeepsie, New York received a second revised Form 1040X for the 2016 tax year (hereinafter "Second Amended Return"), along with a handwritten letter.[1]  Def. MTD, Ex. 8.  In her Second Amended Return, plaintiff included the following two handwritten alterations to her First Amended Return: (1) newly reporting the $1,381.00 refund on line 18, which she previously received from the IRS, and (2) deleting a payment of $70.00 from line 16, which she had previously reported in her First Amended Return.  Def. MTD, Ex. 8 at 1.

On June 26, 2019, plaintiff wrote the Poughkeepsie, New York IRS office another letter.  *See* Compl., Doc. 1–3 at 2–3.  In that letter, plaintiff stated that she had not received a 916C "No Consideration" letter ("916C"), and that she was therefore eligible to receive her refund.  *Id.*  On September 6, 2019, plaintiff wrote that same IRS office another letter, stating that she was "providing more supporting documentation regarding [her] independent Declaration of Disaster. . . submitted for 2016 amended taxes."  Def.'s MTD, Ex. 9 at 1.

Subsequently, on November 26, 2019, plaintiff filed her Complaint with this Court, alleging that her "grounds for filing this case are based on [a] disallowance of refunds for [her] 2016 taxes."  Compl. at 1.  Specifically, plaintiff alleges that she was "lied to by IRS (in writing) stating that they were unable to locate [her] 2016 Amended taxes, when they were located by [the] IRS Advocate Service instantly."  *Id.*  Further, plaintiff claims that certain IRS employees told her that a 916C had been sent.  *Id.*  However, plaintiff contends that when she requested proof that her 916C was mailed she was ignored, that the IRS has not provided her with an explanation of its disallowance of her amended return refund, and that the government failed to communicate with her in a reasonable manner.  *Id.*  Finally, plaintiff claims, among other allegations, that the "United States failed to issue and enforce an order of protections that would have prevented these crimes."  *Id.* at 2.  Ultimately, plaintiff requests the following relief: (1) a "refund [of] the percentage allotted for losses claimed in [her] 2016 amended taxes under the SAFE Harbor Laws [sic]," and (2) "an "Informers Award [sic]" to "honor [plaintiff's] accomplishment of notifying the government of high-level crimes that affect our academic world."  *Id.* at 3.

On April 8, 2020, defendant filed its Motion to Dismiss.  Def.'s MTD.  On May 11, 2020, the Court received plaintiff's Motion for Judgment on the Pleadings, which, on May 19, 2020, the Court construed as plaintiff's Response to defendant's Motion to Dismiss.  Motion for Judgment on the Pleadings, ECF 17 [hereinafter P.'s Resp.].  Plaintiff's filing requested "an order of [sic] making a judgment on the pleadings, pursuant to RCFC 12(c)."  *Id.* at 4.  On June 2, 2020, defendant filed its Reply, reiterating its arguments in support of its Motion to Dismiss.  Reply in Support of the Motion of the United States to Dismiss the Complaint at 1, ECF 18 [hereinafter Def.'s Reply].  This case is now fully briefed and ripe for review.

---

[1]     The handwritten letter stated that plaintiff "removed the rights to stop the processing of [her] taxes by Department of Social Services" and requested that the IRS "begin processing refund checks under Safe Harbor."  Def. MTD, Ex. 8 at 5.

## II. Standard of Review

This Court has jurisdiction over claims—not sounding in tort—against the United States that are founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act is merely a jurisdictional statute, however, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted).

"Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe those allegations in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citations omitted). Further, pleadings from *pro se* litigants are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015); *see also Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

This Court will dismiss a case pursuant to RCFC 12(b)(6), "when the facts asserted by the claimant do not entitle him to a legal remedy." *Modern Sportsman, LLC v. United States*, 145 Fed. Cl. 575, 581 (2019). "In reviewing a motion to dismiss for failure to state a claim, the Court "must accept as true all the factual allegations in the complaint . . . and [] must indulge all reasonable inferences in favor of the non-movant." *Id*. (quoting *Sommers Oil Co. v. United States*, 241 F. 3d 1375, 1378 (Fed. Cir. 2001). The Court will grant a motion to dismiss when faced with conclusory allegations that lack supporting facts, as "a formulaic recitation of the elements of a cause of action" alone will not withstand a motion to dismiss. *Id*.

## III. Discussion

In her Complaint, plaintiff requests the following relief: (1) a tax refund, and (2) an "Informers Award" for "notifying the government of high-level crimes." Compl. at 3. In its Motion to Dismiss, defendant contends that plaintiff's Complaint should be dismissed pursuant to both RCFC 12(b)(1) and RCFC 12(b)(6), arguing that this Court "lacks jurisdiction to entertain the claims alleged in the Complaint" and, to the extent plaintiff seeks other relief, plaintiff fails to state a claim upon which relief can be granted. Def.'s MTD at 2.

### A.     The Court Does Not Have Jurisdiction Over Plaintiff's Tax Refund Claim

The Court interprets plaintiff's Complaint as a request for a tax refund.  In its Motion to Dismiss, defendant argues that this Court does not have jurisdiction over plaintiff's tax refund claim for the following reasons: (1) plaintiff's Forms 1040X do not comply with two separate Treasury Regulations and, therefore, do not constitute a "duly filed" refund claim pursuant to I.R.C. § 7422(a), and (2) plaintiff failed to satisfy the jurisdictional prerequisites of RCFC 9(m).  *Id.*

#### *1.     Plaintiff Never "Duly Filed" a Claim for Refund Under I.R.C § 7422(a)*

In order for this Court to have jurisdiction over a tax refund claim, I.R.C. § 7422(a) requires that it first be "duly filed" in accordance with the following Treasury Regulation:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (2018); *see, e.g.*, *Waltner v. Unites States,* 679 F.3d 1329, 1333 (2012) ("[W]hether this Court has jurisdiction over . . . refund claims depends on whether the taxpayers' submissions to the IRS constitute a claim for refund.  While a tax return can itself constitute an administrative claim for refund, the tax return must first satisfy various Treasury Regulations.").  Defendant argues that, since plaintiff's Forms 1040X do not comply with two separate Treasury Regulations, specifically 26 C.F.R. § 301.6402-3(a)(5) and Treas. Reg. 301.6402-2(b)(1), plaintiff has not met the "duly filed" requirement of I.R.C. § 7422(a).  Def.'s MTD at 9–12.

##### *i.     Plaintiff's Amended Tax Returns Fail to Satisfy 26 C.F.R § 301.6402-3(a)(5)*

"To constitute an administrative claim for refund, the tax return must satisfy 26 C.F.R. § 301.6402-3(a)(5)."  *Kiselis v. United States*, 131 Fed. Cl. 54, 60 (2017) (citations omitted).  26 C.F.R. § 301.6402-3(a)(5) requires a taxpayer to indicate on his amended tax return that he intends to make a tax refund claim.  Therefore, "[g]enerally, when a taxpayer fails to indicate on his amended tax return that he intends to make a tax refund claim, which is done by filling out the 'Refund or Amount You Owe' section, the taxpayer has not 'follow[ed] the formal procedures required to make a refund claim to the IRS.'"  *El v. United States*, 144 Fed. Cl. 741, 752 (2019) (quoting *Williams v. United States*, 112 Fed. Cl. 67, 76 (2013)).  Defendant argues that plaintiff failed to satisfy 26 C.F.R. § 301. 6402-3(a)(5) because plaintiff's Forms 1040X failed to report any overpayment (line 21) or the amount to be refunded (line 22).  Def's. MTD at 11.  Upon review of plaintiff's forms 1040X, it is evident that plaintiff failed to comply with 26 C.F.R. § 301.6402-3(a)(5).  Def's MTD, Ex. 3 at 1, Ex. 8 at 1.  Consequently, plaintiff's amended returns cannot constitute a "duly filed" refund claim pursuant to I.R.C. §7422(a).  As a result, the Court finds that it does not have jurisdiction over plaintiff's tax refund claim.

Additionally, defendant argues that plaintiff's Forms 1040X are so "replete with errors that they cannot be considered 'properly executed' under § 301.6402-3(a)(5) to support jurisdiction." Def.'s MTD at 11. According to defendant, plaintiff's errors consist of the following: (1) a request for deductions of $6,300 for alleged losses of casualty and theft, without using a Schedule A form, as required; (2) a taxable income of negative $10,713; (3) reported tax payments of $7,899, inconsistent with IRS records; and (4) a failure to report any overpayment or refund sought (on lines 21 and 22). Def.'s MTD at 11. In *Hamzik v. United States*, 64 Fed. Cl. 766, 767 (2005), this Court held that a return which lacked essential financial information is not a *properly executed* return for purposes of federal tax laws. *See also Kiselis*, 131 Fed. Cl. at 61 ("[I]t is not enough that a tax return contain some income information, rather, there must also be an honest and reasonable intent to supply the information required by the tax code.") (quotations omitted). In plaintiff's response, plaintiff admits that her 1040X forms are replete with errors but fails to cite to any authority suggesting that the return can still be considered "properly executed."[2] P.'s Resp. at 6. Consequently, the Court finds that those errors are so substantial as to not constitute a "properly executed" return, further bolstering the Court's finding that it lacks jurisdiction over plaintiff's tax refund claim.

### ii.   *Plaintiff's Amended Tax Returns Fail to Satisfy* **Treas. Reg. 301.6402-2(b)(1)**

Treas. Reg. 301.6402-2(b)(1) "impose[s] a specificity requirement to prevent against frivolous claims, requiring that for a return to constitute a claim, it must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to appraise the Commissioner of the exact basis thereof." *Waltner*, 679 F.3d at 1333 (quoting 26 C.F.R. § 301.6402-2(b)(1)). Moreover, Treas. Reg. 301.6402-2(b)(1) states that a claim that does not comply with this specificity requirement will not be considered for any purpose as a claim for refund or credit. 26 C.F.R. § 301.6402-2(b)(1). Defendant argues that plaintiff's First Amended Return fails to satisfy Treas. Reg. § 301.6402-2(b)(1) because plaintiff provides no explanation for any of the documents attached, which are not relevant to this proceeding[3], and thus fails to provide a factual or legal bases for her claims. Def.'s MTD at 12. Upon careful review of the record, it is evident that plaintiff has failed to satisfy the specificity requirement of Treas. Reg. § 301.6402-2(b)(1). Accordingly, the Court finds that plaintiff's amended returns cannot constitute a "duly filed" refund claim under I.R.C. §7422(a), and as a result, the Court lacks jurisdiction over plaintiff's tax refund claim.

---

[2]   Plaintiff seemingly attempts to justify the fallacies in her tax returns by claiming that she utilized the "informal complaint process." P.'s Resp. at 5. However, the Court declines to address this argument as plaintiff admits that she did not meet the jurisdictional prerequisite for an informal claim by requesting a sum certain. *Id*.

[3]   Plaintiff's First Amended Return includes, among other items, what appears to be a discovery request in a separate unrelated proceeding and a copy of a check resulting from a settlement in a separate unrelated proceeding. Def.'s MTD, Ex. 3.

5

### 2. *Plaintiff Fails to Satisfy the Jurisdictional Prerequisites of RCFC 9(m)*

Finally, defendant correctly contends that RCFC 9(m) imposes a jurisdictional prerequisite for tax refund claims, requiring that a plaintiff provide a copy of the claim for refund and a statement identifying the tax year(s), amount, date, and place of each payment to be refunded. Def.'s MTD at 13; RCFC 9(m); *Adair v. United States*, 2020 U.S. Claims LEXIS 428, at *10–11 (Fed. Cl. Mar. 26, 2020) (L. Smith, J.). Upon careful review of the record, it is evident that plaintiff failed to provide the Court with a copy of her claim for refund or a statement identifying the amount, date, and place of the payment to be refunded. Accordingly, the Court finds that it does not have jurisdiction over plaintiff's tax refund claim for failure to satisfy RCFC 9(m).

### B. Plaintiff Fails to Establish Jurisdiction and to State a Claim for Any Other Relief Regarding her Remaining Claims

In her Complaint, plaintiff also requests an "Informers Award" for "notifying the government of high-level crimes." Compl. at 3. Furthermore, plaintiff alleges that the IRS made numerous misrepresentations regarding the status of her tax refund. Compl. at 1; P's Resp. at 7–10. Moreover, in her Response, plaintiff attempts to assert a new claim—that defendant violated the Contracts Dispute Act ("CDA"). P's Resp. at 1. In reply, defendant contends that plaintiff has failed to establish that the Court has jurisdiction over this count. Def.'s MTD at 14; Def.'s Reply at 4–5.

The Court declines to address plaintiff's newly asserted CDA claim as it is not properly before the Court. *See Michels v. United States*, 72 Fed. Cl. 426, 432 (2006) (explaining that new claim, asserted in plaintiff's opposing brief, "was not pleaded in the complaint and is therefore not properly before the Court") (citations omitted). Additionally, the Court finds that plaintiff failed to establish that the Court has jurisdiction over plaintiff's remaining claims. For example, plaintiff requests that the Court "kindly honor" her accomplishment of "notifying the government of high-level crimes" in the form of an "Informers Award." Compl. at 3. However, plaintiff does not allege facts that suggest the existence of "an express contract made by the IRS to pay an informer's award." *See Grigsby v. United States*, 2018 U.S. Claims LEXIS 238, at *9 (Fed. Cl. Mar. 7, 2018) (citing *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[I]n order to assert a valid claim under 26 U.S.C. § 7623 and 26 C.F.R. § 301.7623-1(a), [plaintiff] had to allege facts plausibly showing that the IRS had negotiated and fixed a specific amount as the reward.") (internal quotations omitted)). Consequently, the Court finds that plaintiff's request should be dismissed for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

Additionally, plaintiff alleges that the IRS made numerous misrepresentations regarding the status of her tax refund. Compl. at 1; P's Resp. at 7–10. However, the Court lacks jurisdiction over any claims based on the IRS' misrepresentations, as "claims of fraud, misrepresentation, or negligence are either tort claims or claims of criminal conduct—neither of which this Court can properly adjudicate." *Cooper v. United States*, 13 Fed Cl. 432, 434 (2018) (citations omitted). In conclusion, plaintiff's remaining claims should be dismissed for lack of

subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and RCFC 12(b)(6) respectively.

### IV. Conclusion

For the reasons set forth above, defendant's MOTION to Dismiss is hereby **GRANTED**. Accordingly, plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). The Clerk of the Court is hereby directed to enter judgment consistent with this Opinion.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith,
Senior Judge